967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lancelot Fitz-Roy GREEN, Defendant-Appellant.
 No. 91-50146.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1992.
Decided June 8, 1992.
 
 Before PREGERSON, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Lancelot Fitz-Roy Green appeals his jury conviction and sentence under the Sentencing Guidelines for conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to import a controlled substance, in violation of 21 U.S.C. §§ 952, 960, and 963.
 
 ANALYSIS
 
 3
 I. Fourth Amendment Claims.
 
 
 4
 Green first argues that the agents' questioning of him in the supermarket parking lot prior to his arrest was an investigatory stop and that the agents lacked reasonable suspicion to detain him. Green did not raise this particular ground for suppression below, however, and thus has waived it. See United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987). We note, however, that even if this ground had not been waived on appeal, it would have failed. The agents approached Green in a public place and asked him a question to which he voluntarily answered. The agents did not use force, display their weapons, or indicate in any way that he was not free to leave. So long as a reasonable person feels free " 'to disregard the police and go about his business' the encounter is consensual and no reasonable suspicion is required." Florida v. Bostick, 111 S.Ct. 2382, 2386 (1991) (quoting California v. Hodari D., 111 S.Ct. 1547, 1551 (1991)); see United States v. Malone, 886 F.2d 1162, 1164 (9th Cir.1989). We thus find there was no seizure for fourth amendment purposes during this initial contact.
 
 
 5
 Green next argues that the district court erred in holding that the agents had probable cause to arrest him. The agents relied on the information supplied by Reynaldo Jimenez-Martinez, which they were able to corroborate prior to Green's arrest. Green contends that the information provided by Jimenez-Martinez was unreliable because he had no proven track record of veracity or reliability and his statements were motivated by his desire to obtain favorable treatment from the government. Green also contends that the information was too general to supply probable cause.
 
 
 6
 We agree with the district court that probable cause existed. The information supplied by Jimenez-Martinez was very detailed and specific, including: Green's name, race, height, weight, facial features, and country of origin; the type and color of Green's car and license plates; where Green could be located, and where his car was likely to be parked. See Illinois v. Gates, 462 U.S. 213, 245-46 (1983).
 
 
 7
 It is true, as pointed out by Green, that Jimenez-Martinez had an unproven track record as an informant and may have implicated Green in order to lessen his own punishment. However, the information provided by Jimenez-Martinez was against his penal interest. See United States v. Dozier, 844 F.2d 701, 707 (9th Cir.), cert. denied, 488 U.S. 927 (1988). More importantly, the information was corroborated by the arresting agents. See Gates, 462 U.S. at 244-45 (fact that information supplied by anonymous informant was corroborated by agent's investigation provides substantial basis for crediting hearsay). Green's whereabouts, his physical characteristics, and the description of his car were all corroborated either visually by the agents or orally by Green himself.
 
 
 8
 We find that under the totality of the circumstances, the agents had probable cause to arrest Green.
 
 
 9
 II. Acceptance of Responsibility Claim.
 
 
 10
 Whether a defendant has accepted responsibility is a factual determination reviewed for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). "The sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference and should not be disturbed on review unless without foundation." Sentencing Guidelines, § 3E1.1, application note 5.
 
 
 11
 Section 3E1.1 provides for a reduction in sentence if the defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility" for his wrongdoing. The defendant has the burden of proving that he is eligible to receive a downward adjustment for acceptance of responsibility. United States v. Alvarado-Avila, 905 F.2d 295, 297 (9th Cir.1990). Green contends that he is entitled to a two-point reduction for acceptance of responsibility because he admitted to the customs agents after his arrest that he had introduced Jimenez-Martinez to a Latin male, "Monzo," who he knew needed someone to import narcotics from Mexico into the United States. Green also relies on the fact that he testified at trial that he did not think it is "right to deal marijuana" and he detested drug users.
 
 
 12
 In denying Green a sentencing reduction for acceptance of responsibility, the district court relied on the fact that Green denied at trial that he was ever involved in trying to bring marijuana across the border and denied making any statement to that effect to the customs agents. Although he admitted introducing Monzo to Jimenez-Martinez, he denied knowing what was to be transported or where.
 
 
 13
 The district court's finding that Green had not accepted responsibility for his crime is not clearly erroneous. Green's reliance on his "admission" to the customs agents is disingenuous in light of the fact that he later denied this admission at trial. Further, he expressly denied any criminal wrongdoing to the Probation Office after his trial. We hold that the district court did not err in finding that Green did not accept responsibility for his criminal actions.
 
 
 14
 The district court's decision is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3