**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jorge Juan RESTREPO–RUA,
Defendant-Appellant.**

**No. 85–5200.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 6, 1987.*

Decided April 30, 1987.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Reinhardt, Circuit Judge, filed specially concurring opinion.

James McGinnis, Los Angeles, Cal., for plaintiff-appellee.

Joseph Milchen, San Diego, Cal., for defendant-appellant.

Before ANDERSON, SKOPIL and REINHARDT, Circuit Judges.

PER CURIAM:

Jorge Juan Restrepo-Rua appeals his conviction of possession of cocaine with intent to distribute. 21 U.S.C. § 841(a)(1). Restrepo-Rua was arrested after agents for the Drug Enforcement Administration (DEA) found cocaine and guns in his bedroom pursuant to a search warrant. During the search, DEA agents arrested Jose Restrepo-Rua, Jorge's brother, with the aid of a police dog.

Prior to trial, Restrepo-Rua moved to suppress the evidence obtained from the search. The sole basis for defendant's motion was that the warrant did not set forth sufficient facts to establish probable cause. The district judge denied the motion. After trial, Restrepo-Rua's counsel moved to reopen the suppression hearing, asserting the new ground that the presence of the dog had rendered the search unreasonable. The judge denied this motion as well.

On appeal, Restrepo-Rua contends that the search was "unreasonable" because DEA agents used a police dog. *See United States v. DiCesare*, 765 F.2d 890, 901–03

(9th Cir.) (Reinhardt, J., concurring) *as amended,* 777 F.2d 543 (9th Cir.1985). He states that his brother was attacked and seriously bitten by the dog. The government's response is limited to its observation that the "dog was not used to sniff narcotics ... [but] was only used to help secure the arrest of the defendants."

 We do not reach the issue whether the presence of a dog renders a search constitutionally defective, because we determine that Restrepo-Rua waived that issue. Fed.R.Crim.P. 12(b)(3) requires that motions to suppress evidence be made before trial. A failure to raise an objection until after trial constitutes a waiver of the objection. Fed.R.Crim.P. 12(f). *See also United States v. Maher,* 645 F.2d 780, 783 & n. 1 (9th Cir.1981). Just as a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a particular ground in support of a motion to suppress. Here, Restrepo-Rua tried to reopen the suppression hearing after the trial was concluded. Not until after he had been convicted did he raise the argument that the use of a dog renders a search unreasonable. In fact, it was only then that he advised the court that a police dog had participated in any way in the search or arrest. Restrepo-Rua's failure to raise the police dog issue in a timely manner serves to waive that ground for objection. It is true that the court may in its discretion grant relief from waiver for "cause shown." *United States v. Gonzales,* 749 F.2d 1329, 1336 (9th Cir.1984). Here, however, no valid cause has been shown.

Restrepo-Rua also contends that he was denied his Sixth Amendment right to effective assistance of counsel. The record in the trial court, and the record before us, is not adequate to permit us to resolve the question on direct review. Accordingly, we must reject the claim. *United States v. Birges,* 723 F.2d 666, 669–70 (9th Cir.) *cert. denied,* 466 U.S. 943, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984). We do note that Restrepo-Rua remains free to assert his ineffective assistance claim, and to make a proper record, in a proceeding under 28 U.S.C. § 2255. *See Birges,* 723 F.2d at 670.

Finally, Restrepo-Rua contends that there was no probable cause to search his residence and that the failure of the trial court to sever *sua sponte* the gun count from the narcotics count was error. We find these contentions without merit. There was adequate probable cause for the search. The failure to sever was non-prejudicial. We note that the guns would, in any event, have been admissible into evidence. *See United States v. Hobson,* 519 F.2d 765, 776 (9th Cir.), *cert. denied,* 423 U.S. 931, 96 S.Ct. 283, 46 L.Ed.2d 261 (1975). Accordingly, the judgment of the district court is AFFIRMED.

REINHARDT, Circuit Judge, concurring specially:

For the reasons set forth in our per curiam opinion, I concur. I write separately only to emphasize my belief that the use of police dogs in homes is unreasonable and thus unconstitutional. *See United States v. DiCesare,* 765 F.2d 870, 901–03 (9th Cir. 1985) (Reinhardt, J., concurring). The government appears to argue that the dog did not participate in the search, but only in the arrest. The use of dogs to arrest suspects in their homes is even worse than the use of dogs to conduct searches of people's homes. I think that we should note our strong disapproval of such practices whenever we have the opportunity to do so. I do so here once again.