956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip J. HURLIC, Defendant-Appellant.
 No. 91-30172.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1992.*
Decided March 10, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court's denial of the motions to suppress is affirmed for the following reasons:
 
 
 3
 (1) Hurlic was lawfully arrested. The officers who initially detained Hurlic were not required to have individual knowledge of all the facts providing probable cause, so long as the pool of officers involved in the case possessed sufficient knowledge to supply probable cause. See United States v. Bertrand, 926 F.2d 838, 844 (9th Cir.1991); United States v. Lomas, 706 F.2d 886, 892 (9th Cir.1983), cert. denied, 464 U.S. 1047 (1984), overruled on other grounds by Segura v. United States, 468 U.S. 796, 814 n. 9 (1984). The collective knowledge of the investigating officers established probable cause.
 
 
 4
 (2) Because Hurlic's arrest was lawful, his post-arrest statements could not be excluded as the product of an unlawful arrest. Nor were his statements involuntary. At the suppression hearing, Hurlic did not contest Agent Gori's testimony that Hurlic had been read his rights and subsequently reminded of them, and that he freely agreed to talk. Agent Gori's uncontroverted testimony demonstrated the elements of a valid waiver. See North Carolina v. Butler, 441 U.S. 369 (1979). Hurlic contends for the first time in his reply brief that the government failed to prove that he understood his rights when advised of them. Because this claim was not presented to the district court and Hurlic has not shown cause for that omission, we decline to consider it. See United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1989).
 
 
 5
 (3) The search of Hurlic's car, and seizure of evidence therefrom, was valid without a warrant because it was supported by probable cause. Police who have probable cause to believe an automobile contains contraband or evidence of a crime may search it without a warrant. United States v. Ross, 456 U.S. 798, 809 (1982); United States v. Alvarez, 899 F.2d 833, 839 (9th Cir.1990), cert. denied, 111 S.Ct. 671 (1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3