980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph W. SHIVER, Defendant-Appellant.
 No. 91-50675.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1992.*
Decided Dec. 10, 1992.
 
 Before CANBY, BOOCHEVER and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Shiver appeals his convictions upon his conditional guilty plea to possession of unregistered firearms, 26 U.S.C. § 5861(d), possession of firearms not identified by serial number, id. § 5861(i), and possession of firearms subject to forfeiture, id. § 5872. Shiver argues that firearms seized from a warranted search of his storage locker should have been suppressed because police learned of his locker number only by conducting a warrantless and illegal search of his home. Shiver also contends that no probable cause existed to search the locker because an officer's affidavit failed to establish the reliability and knowledge of a confidential informant. We affirm.
 
 
 3
 * We review de novo a motion to suppress. United States v. Homick, 964 F.2d 899, 902 (9th Cir.1992). However, we will overturn a district court's findings of fact only if they are clearly erroneous. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992).
 
 
 4
 Whether police obtained Shiver's locker number from an illegal search, or from an employee of the self-storage facility, is a pure question of fact that turns on the relative credibility of witnesses who testified at the suppression hearing. The district court found the officer's version of events persuasive. The district court's credibility determination is entitled to substantial deference. Cf. United States v. Bishop, 959 F.2d 820, 826-27 (9th Cir.1992) (involving prosecutor's alleged use of preemptory challenges on the basis of race). We find no clear error in the district court's ruling that the warrant contained no material misstatements or omissions.
 
 II
 
 5
 Shiver waived his opportunity to challenge the facial validity of the search warrant because he failed to raise the issue in the district court. United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987) (per curiam). He offers no reason why we should disregard the waiver. Therefore, we leave undisturbed the district court's finding that probable cause existed for the warrant.
 
 III.
 
 6
 The district court did not abuse its discretion in denying Shiver's motion to reconsider its denial of the motion to suppress. Shiver offered no reason sufficient to justify his delay in presenting evidence that was earlier available to him. See U.S.Dist.Ct.C.D.Cal. Local Rule 7.16. Moreover, the district court indicated that the proffered testimony would not change its ruling. We find no error.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3