21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thurmond Wilford RANKIN, Defendant-Appellant.
 No. 92-5380.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1994.
Decided April 18, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. William L. Osteen, Sr., District Judge. (CR-1-253-S)
 James W. Swindell, High Point, NC, for appellant.
 Robert H. Edmunds, Jr., U.S. Atty., Michael F. Joseph, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Thurmond Wilford Rankin was convicted by a jury of various drug and firearm offenses.[1] On appeal, Rankin's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting one issue but stating that, in his view, there are no meritorious issues for appeal. Rankin's attorney has also requested leave to withdraw from representing Rankin. Rankin has filed a supplemental pro se brief raising three other issues. After a thorough review of the briefs and the record, we affirm.
 
 
 2
 Defense counsel contends that the evidence was insufficient to support Rankin's conviction for the Count One offense of possession with intent to distribute fifty-two rocks of crack weighing a total of 5.4 grams. A detailed account of the evidence presented at the trial is set out in this Court's previous opinion upholding the conviction of Rankin's co-defendant, his girlfriend of ten years and housemate Dolores Morrison. United States v. Morrison, 991 F.2d 112 (4th Cir.), cert. denied, 62 U.S.L.W. 3250 (U.S.1993).
 
 
 3
 After reviewing the evidence in the light most favorable to the government and giving the government the benefit of all reasonable inferences, we find a rational trier of fact could have found that Rankin constructively possessed with intent to distribute the crack contemplated in Count One. United States v. United Medical & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir.1993); see United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992) (constructive possession requires knowledge of the contraband's presence and exercise, or the potential to exercise, dominion and control over it). Given the quantity of crack found, see United States v. Roberts, 881 F.2d 95, 99 (4th Cir.1989) (intent to distribute may be inferred from drug quantities too large for personal consumption), Rankin's ownership of the house in which the drugs and other items were discovered,[2] United States v. Blue, 957 F.2d 106, 107 (4th Cir.1992), and the high volume of vehicular traffic to Rankin's house,[3] "[t]he circumstantial evidence was overwhelming indicating that there was a large ongoing retail drug trade being conducted from the residence since at least January." Morrison, 991 F.2d at 114. Rankin's absence at the time of the search cannot defeat the jury's reasonable conclusion that he committed the Count One offense. United States v. Schocket, 753 F.2d 336, 340 (4th Cir.1985).
 
 
 4
 Rankin argues that the government made improper use of a confidential informant and thereby interfered with defense witnesses and produced evidence that should have been suppressed. Rankin's conclusory allegations are insufficient to establish a violation of constitutional magnitude stemming from the investigators' use of a confidential informant. Any defense pertaining to the institution of the prosecution and any claim that evidence should have been suppressed were waived, for purposes of trial and appellate review, by Rankin's failure to assert them prior to trial. Fed.R.Crim.P. 12(b)(3), (f); United States v. Petitjean, 883 F.2d 1341, 1344 (7th Cir.1989); United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987). Hence, we reject Rankin's first argument.
 
 
 5
 Rankin's next contention, that the absence of a reference to supervised release in 18 U.S.C.A. Sec. 924 precludes the imposition of supervised release for such violations, is similarly unavailing. 18 U.S.C.A. Sec. 3583(a) (West Supp.1993); United States v. Wangler, 987 F.2d 228, 231 (5th Cir.1993); United States v. Jordan, 915 F.2d 622, 631 (11th Cir.1990), cert. denied, 499 U.S. 979 (1991).
 
 
 6
 We also reject Rankin's claim that the district court departed upward from the applicable Guideline range without prior notice, because the record reveals neither the imposition nor contemplation of an upward departure in this case. Finally, Rankin's argument that the Count One offense is a Class C felony, rather than a Class A felony as stated in his presentence investigation report, is simply erroneous. Rankin's two prior North Carolina drug convictions gave rise to a statutory maximum penalty of life imprisonment for the instant offense, 21 U.S.C.A. Sec. 841(b)(1)(B), thereby rendering that offense a Class A felony. 18 U.S.C. Sec. 3559(a)(1) (1988).
 
 
 7
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We, therefore, affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, see 18 U.S.C.A.Sec. 3006A (West Supp.1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. For that reason, we deny counsel's motion to withdraw.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Specifically, Rankin was convicted of possession with intent to distribute 5.4 grams of crack cocaine, in violation of 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(B) (West Supp.1993) ("Count One"), two counts of possession of a firearm by a felon, in violation of 18 U.S.C.A. Secs. 922(g)(1), 924(a)(2) (West Supp.1993), concealment and storage of a stolen firearm, in violation of 18 U.S.C. # 8E8E # 922(j), 924(a)(2), and possession with intent to distribute .6 grams of crack, in violation of 21 U.S.C. Sec. 841(a)(1), (b)(1)(C)
 
 
 [2]
 A properly executed search warrant yielded a black bag containing the crack in question and $455 in cash, a police scanner, a ledger filled with names and corresponding amounts of money ranging from $31.50 to $6,200, and papers indicating Rankin's ownership of the house. The ensuing search of the bedroom shared by Rankin and Morrison produced a loaded Ruger semi-automatic pistol and ammunition, $433 in a metal box concealed under the bed, thirty-seven one-dollar bills in a plastic bag in a dresser drawer, and $1,213 in a plastic bag and various calculations totaling $11,950 and $13,790 on a portion of a cigarette carton hidden under the mattress
 
 
 [3]
 During the two months preceding the Count One offense, investigators conducted surveillance on Rankin's house, which is located on a dirt road approximately one-quarter mile from the main road. An estimated ten to twenty vehicles per hour visited Rankin's house each evening and stayed for an average length of only four minutes. During the search that yielded the drugs contemplated by Count One, ten more vehicles drove up to Rankin's house