46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Leonard BERMUDEZ, Defendant-Appellant.
 No. 94-50174.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Leonard Bermudez appeals his conviction and 140-month sentence following jury trial for conspiracy to import heroin, in violation of 21 U.S.C. Sec. 963; importing heroin, in violation of 21 U.S.C. Sec. 952(a); and possessing with the intent to distribute heroin, in violation of 21 U.S.C. Sec. 841(a)(1). Bermudez claims that his trial counsel was ineffective because he failed to file a motion to suppress evidence before trial. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 Generally, "we will not review challenges to the effectiveness of defense counsel on direct appeal." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991); see also United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988) (challenge by way of habeas proceeding preferable because defendant can develop a record of what counsel did, why it was done, and what prejudice resulted). Claims of ineffective assistance may be reviewed on direct appeal only when the record on appeal is sufficient to allow review of the issue, or when counsel's representation was "so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992) (citations omitted).
 
 
 4
 Because the record contains no evidence as to whether defense counsel investigated or considered a motion to suppress, the reasonableness of counsel's actions cannot be evaluated. See Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (reasonableness of counsel's performance must be considered in light of all circumstances at time of alleged error). Furthermore, the success of a motion to suppress was not assured, based upon the testimony at Bermudez's trial. See United States v. Gonzalez-Rincon, 36 F.3d 859, 863 (9th Cir.1994) (reasonable suspicion for body-cavity and x-ray search where defendant traveled from source city, paid cash for ticket the day before flying, gave inconsistent answers concerning occupation and destination in United States, and appeared nervous). Because the record is inadequate to determine the issue and it is not obvious that Bermudez was denied the effective assistance of counsel, we decline to address his claim on direct appeal. See Robinson, 967 F.2d at 291; Laughlin, 933 F.2d at 788.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Bermudez claims that evidence at his trial should have been suppressed on Fourth Amendment grounds, he has waived the issue. See United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987) (failure to move to suppress evidence before trial constitutes waiver)