70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Edward POWELL, Defendant-Appellant.
 No. 94-10214.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Oct. 18, 1995.*
Decided: Nov. 15, 1995.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Edward Powell appeals his conviction and sentence for possession with intent to distribute a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1). Powell contends the district court erred by finding that his warrantless arrest and the subsequent search of his vehicle were made with probable cause. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm. However, we grant Powell's request to strike the allegation in the government's answering brief that Powell murdered Samantha Scotti. See Fed.R.App.P. 28(e), 9th Cir.R. 28.1(a), 28-2.8.
 
 
 3
 Powell contends that his actions prior to arrest[1] were not indicative of criminal activity and Scotti, who was an untested informant, did not provide objectively reliable and corroborated information. We disagree.
 
 
 4
 We review a determination of the existence of probable cause de novo, while the district court's findings of fact are reviewed for clear error. United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990).
 
 
 5
 Probable cause exists if the totality of circumstances, including an informant's veracity, reliability, and basis of knowledge, are sufficient to warrant a prudent person in believing that the arrested person had committed or was committing an offense. See Illinois v. Gates, 462 U.S. 213, 232-34 (1983); Hoyos, 892 F.2d at 1392-93. An informant's reliability may be established by corroborating details or by the surrounding circumstances. See Gates, 462 U.S. at 241-46; United States v. Tarazon, 989 F.2d 1045, 1049 (9th Cir.), cert. denied, 114 S.Ct. 155 (1993); see also United States v. Klein, 860 F.2d 1489, 1493 (9th Cir.1988) (informant's tip may support probable cause if informant's statements have been independently corroborated).
 
 
 6
 Scotti had previously supplied truthful and reliable information to Robison and other officers. She gave detailed information predicting Powell's arrival. This information was corroborated in part by Sergeant Pitchford, and in part through surveillance. See Gates, 462 U.S. at 242-46; Klein, 860 F.2d at 1492. Scotti also made statements against her penal interest regarding her own involvement in narcotics activity, which further corroborated her information. See Tarazon, 989 F.2d at 1049. The district court's finding that Scotti was a reliable and truthful informant was not clearly erroneous. See Hoyos, 892 F.2d at 1392-93. When Scotti gave the prearranged hand signal, Robison could reasonably believe that Scotti had seen cocaine in Powell's possession, and thus probable cause existed to arrest him. See Gates, 462 U.S. at 232; Tarazon, 989 F.2d at 1049; Hoyos, 892 F.2d at 1392-93.
 
 
 7
 Powell waived any challenge to the legality of the search of his car because he failed to raise the argument in his suppression motion. See Fed.R.Crim.P. 12(b)(3), (f); United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987).
 
 
 8
 AFFIRMED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, we deny Powell's request for oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the government argues that the initial stop of Powell was a detention and not an arrest, the record is clear that Powell was arrested at the time the police surrounded the vehicle with guns drawn and commanded Powell to exit. See United States v. Del Vizo, 918 F.2d 821, 824-25 (9th Cir.1990)