77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos VINTIMILLA, Defendant-Appellant.
 No. 94-50379.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1996.
Decided Feb. 20, 1996.
 
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carlos Vintimilla appeals his conviction on charges of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Vintimilla agrees that there was no plain error on account of his Sixth Amendment right to a speedy trial and his Fifth Amendment right to due process. However, he argues that we should remand because the issue was raised in his post-trial motion (and habeas petition). We see no basis for doing so, as his motion for a new trial did not incorporate or mention the habeas petition, and neither one challenged the post-indictment delay about which he now complains.
 
 II
 
 4
 Vintimilla argues that the district court erred in admitting Rule 404(b) evidence that he used false identification because these "bad acts" were subsequent in time, too remote and dissimilar, and therefore had no probative value on Vintimilla's knowledge or intent at the time of the offense.
 
 
 5
 Regardless of Fed.R.Evid. 404(b), evidence that Vintimilla used a false passport and driver's license was admissible for purposes of impeachment under Rule 608(b), see United States v. Jackson, 882 F.2d 1444, 1446 (9th Cir.1989), and to show consciousness of guilt. United States v. Guerrero, 756 F.2d 1342, 1347 (9th Cir.), cert. denied, 469 U.S. 934 (1994); United States v. Meling, 47 F.3d 1546, 1557 (9th Cir.), cert. denied, 116 S.Ct. 130 (1995). In any event, Vintimilla opened the door by testifying on direct examination that he applied for and used a false driver's license only for the purposes of obtaining employment as a driver and only for a two-month period. United States v. Segal, 852 F.2d 1152, 1155 (9th Cir.1988); United States v. Wales, 977 F.2d 1323, 1326 (9th Cir.1992).
 
 III
 
 6
 Vintimilla contends that the district court compounded the error of admitting the false identification evidence by giving the a limiting instruction that permitted the jury to consider the false identification evidence to establish Vintimilla's knowledge and intent, without also instructing that the "bad acts" had to be similar to the underlying criminal conduct. Since Vintimilla did not object, our review is for plain error and we see none.
 
 
 7
 The instruction did not make the false statements evidence Rule 404(b) evidence. The Government didn't argue it that way, focusing instead on its implications for Vintimilla's credibility, and Vintimilla's use of false identification is so logically disconnected from the offense that the only inference with respect to "knowledge or intent" that could reasonably be drawn is knowledge of guilt, which is a permissible inference. Therefore, even if the limiting instruction should not have been given or should have been differently crafted to permit consideration for purposes of impeachment, Vintimilla's substantial rights were not affected.
 
 IV
 
 8
 Vintimilla's arguments that the district court erred in a number of other respects are not persuasive. The court precluded defense counsel from mentioning in closing argument only matters that were outside the record. United States v. Taren-Palma, 997 F.2d 525, 533 (9th Cir.1993), cert. denied, 114 S.Ct. 1648 (1994). While the court asked a number of questions of witnesses during the trial, its conduct did not amount to such an "extremely high level of interference" that it created a "pervasive climate of partiality and unfairness." Duckett v. Godinez, 67 F.3d 734, 740 (9th Cir.1995) (citing United States v. DeLuca, 692 F.2d 1277, 1282 (9th Cir.1982)). It properly cautioned the jury not to consider the court's questioning as an indication of what the judge felt about the case in general, or the testimony of the particular witnesses, and that it could disregard any comments the judge made on the evidence.
 
 
 9
 Vintimilla was permitted to consult with his counsel before testifying, and cannot complain that no recess was taken when his counsel asked only for a "moment here to talk to my client about testifying or not." Morris v. Slappy, 461 U.S. 1 (1983). Nor had Vintimilla rested, or been excused, when the court asked him to resume the witness stand after the evening recess for questions from the bench. Those questions were within the scope of Vintimilla's testimony and did not create a climate of impartiality or unfairness. Duckett, 67 F.3d at 740. Accordingly Vintimilla's Fifth Amendment rights were not violated.
 
 V
 
 10
 Vintimilla argues that the district court erred in failing to instruct the jury that it should not consider the disposition of Carraza's case. But such an instruction is not required unless the jury becomes aware of a codefendant's guilty plea, which didn't happen here. See Ninth Circuit Model Jury Instructions, Criminal, Instruction 2.13 (1995 ed.). United States v. Barrientos, 758 F.2d 1152 (9th Cir.1985), cert. denied, 474 U.S. 1062 (1986), and United States v. Herrell, 436 F.2d 606 (5th Cir.1970), cert. denied, 409 U.S. 846 (1972), upon which Vintimilla relies, are not to the contrary as they address the need for a limiting instruction when the prosecution has offered evidence of a codefendant's plea. United States v. Halbert, 640 F.2d 1000 (9th Cir.1981).
 
 VI
 
 11
 We decline to review Vintimilla's ineffective assistance of counsel claims on direct appeal as the record is not sufficiently developed to permit us to resolve the issue. United States v. Vgeri, 51 F.3d 876, 882 (9th Cir.1995).
 
 VII
 
 12
 We also will not consider Vintimilla's argument that the airport stop and search violated his Fourth Amendment rights, requiring suppression of the evidence obtained. Because Vintimilla failed to make a motion to suppress before trial and because there is no "cause shown," he has waived his right to do so now. United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987).
 
 VIII
 
 13
 Vintimilla argues that there was insufficient evidence to sustain a finding that he constructively possessed or aided and abetted Carraza's possession of the cocaine. We disagree, as the jury could have convicted Vintimilla on a Pinkerton theory of liability. United States v. Baker, 10 F.3d 1374, 1419 (9th Cir.1993), cert. denied, 115 S.Ct. 330 (1994); United States v. Crespo de Llano, 838 F.2d 1006, 1019 (9th Cir.1987). The verdict is sufficiently supported by evidence that Vintimilla travelled to and from Las Vegas with Carraza, conducted surveillance with Carraza at the airport, possessed a roll of masking tape in his suitcase identical to (though not an end-match of) the masking tape wrapped around the cocaine in Carraza's suitcase, and lied to police officers at the airport about his connection with Carraza, as well as on the witness stand about his repeated use of false identification.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3