89 F.3d 848
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Henry WILMOTH, Defendant-Appellant.
 No. 95-30222.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Henry Wilmoth appeals from his conviction following entry of a conditional guilty plea to possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5681(d). Wilmoth contends that the district court erred by denying his motion to suppress evidence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Wilmoth contends that the evidence fails to show that the officers who searched his truck reasonably believed that Wilmoth or his passenger were dangerous. We disagree.
 
 
 4
 We review de novo the lawfulness of a search and seizure, and for clear error the district court's findings of fact. United States v. Huffhines, 967 F.2d 314, 316 (9th Cir.1992).
 
 
 5
 The search of the passenger compartment of an automobile is permissible if a police officer reasonably believes that a suspect poses a danger and might gain immediate control of weapons. Michigan v. Long, 463 U.S. 1032, 1049-50 (1983). The court noted that the "danger may arise from the possible presence of weapons in the area surrounding a suspect." Id. at 1049.
 
 
 6
 Here, both Ranger Thomas and Officer Charvet observed machetes on the dashboard of Wilmoth's truck during an investigative stop. Officer Charvet also observed the handle of shotgun protruding from underneath the seat of the truck. Thus, the search of the truck's passenger compartment was justified as a protective search limited to the discovery of weapons that might be used to harm the officers. See id. at 1049-50. Accordingly, the district court did not err when it denied the motion to suppress. See id.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to reach the issue whether Officer Charvet lacked authority to conduct the search because Wilmoth waived this issue. See United States v. Restrepo-Rua, 815 F.2d 1327, 1328 (9th Cir.1987)