UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

ANTHONY ANDRE GRAVELY,
　　　　　　*Defendant-Appellant.*

No. 01-4703

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Norman K. Moon, District Judge.
(CR-00-104)

Submitted: January 28, 2002

Decided: February 28, 2002

Before MICHAEL and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

James R. Cromwell, VOGEL & CROMWELL, L.L.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia; Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Anthony Andre Gravely pled guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (West 2000 & Supp. 2001). Gravely's guilty plea was on the condition that he reserved his right to appeal the district court's denial of his motion to suppress evidence seized from a car and from his person. On appeal, Gravely contends the initial stop of the car at a traffic safety check point and the continued seizure of the car after the police officer observed a traffic safety violation was in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. Finding no reversible error, we affirm.

We review the district court's factual findings underlying a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, review of the evidence is made in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires that motions to suppress evidence must be made before trial. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997). Failure to make a motion to suppress before trial constitutes waiver. We find that Gravely waived the issue of whether the initial stop at the traffic safety checkpoint was in violation of the Fourth Amendment. *See, e.g.*, *United States v. Restrepo-Rua*, 815 F.2d 1327, 1329 (9th Cir. 1987) (the "failure to raise a particular ground in support of a motion to suppress" constitutes waiver of that ground).

We further find that the continued detention of the car based upon the law enforcement officer's observation of a violation of a traffic

safety law was reasonable and with probable cause. *Whren v. United States*, 517 U.S. 806, 810 (1996). In addition, we find the driver consented to the search of the vehicle.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*