UNITED STATES of America,
Plaintiff—Appellee,

v.

Luis OROZCO–RODRIGUEZ,
Defendant—Appellant.

No. 02–50646.

D.C. No. CR–02–00543–RMB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.*

Decided Nov. 12, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Mark R. Rehe, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Barbara M. Donovan, Law Offices of Barbara M. Donovan, San Diego, CA, for Defendant–Appellant.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM**

Luis Orozco–Rodriguez appeals his conviction for importation of cocaine and possession of cocaine with intent to distribute. Orozco–Rodriguez argues: (1) the district court erred by denying his motion to suppress Customs Inspector Hill's testimony because it relayed the result of a custodial interrogation conducted before Orozco–Rodriguez was informed of his *Miranda* rights; (2) the district court erred by not granting Orozco–Rodriguez a safety valve downward departure; (3) the statutes under which Orozco–Rodriguez was convicted are unconstitutional after *Apprendi v. New Jersey*; and (4) the district

court erred by not instructing the jury that it had to find that Orozco–Rodriguez knew the type and quantity of drug he possessed and imported. Because the parties are familiar with the facts of the case, we do not repeat them here.

1. The Government initially argues that Orozco–Rodriguez waived this argument because he did not file a timely motion to suppress the evidence. Fed. R.Crim.P. 12(b)(3) ("The following [motions] must be raised before trial: ... a motion to suppress evidence...."). A court may, "in its discretion, grant relief from waiver for 'cause shown.'" *United States v. Restrepo–Rua*, 815 F.2d 1327, 1329 (9th Cir.1987). The district court apparently did find cause shown (namely, that the timing of the Miranda warning only became clear upon Inspector Hill's testimony), and denied the motion on the merits. Therefore, the argument was not waived.

The district court did not err by denying Orozco–Rodriguez's motion to suppress Inspector Hill's testimony. The conversation between Inspector Hill and Orozco–Rodriguez to which Inspector Hill testified consisted of a series of questions, concerning name, age, and residence, for purposes of completing a standard form, called a Personal Search Worksheet. Such "inquiries regarding general biographical information" are not generally considered "interrogation." *United States v. Foster*, 227 F.3d 1096, 1103 (9th Cir.2000). *See also Pennsylvania v. Muniz*, 496 U.S. 582, 600–02, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990) (plurality opinion) (holding that questions regarding defendant's name, address, height, weight, eye color, date of birth, and current age were "admissible because the questions fall within a 'routine booking question' exception which exempts from

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Miranda's coverage questions to secure the biographical data necessary to complete booking or pretrial services" (citations omitted)); *United States v. Booth*, 669 F.2d 1231, 1237 (9th Cir.1982) ("Ordinarily, the routine gathering of background biographical data will not constitute interrogation."). Therefore, this conversation is admissible regardless of whether Orozco–Rodriguez was in custody and had been apprised of his *Miranda* rights.

■ 2. Orozco–Rodriguez forfeited any objection to the district court's failure to grant a safety valve departure under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). An issue not presented to the district court cannot generally be raised for the first time on appeal. *United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir.1991). Orozco–Rodriguez did not object when the district court stated at sentencing that it was not granting a safety valve reduction. In fact, at the sentencing hearing, counsel for Orozco–Rodriguez specifically stated that he was *not* arguing for a safety valve departure, but instead was only requesting a role adjustment. Therefore, Orozco–Rodriguez forfeited any objection to the district court's decision not to grant a safety valve departure.

■ Nor was the district court's decision not to depart downward under the "safety valve" guideline plain error. To be "plain error," the district court's decision first must have been an error. *United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). A defendant wishing to establish his qualifications for a safety valve reduction bears the burden of proof. *United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir.1996). To qualify for a safety valve departure, the defendant must, among other provisions, provide the Government with "all information and evidence the defendant has concerning the offense" no later than the time of sentencing. U.S.S.G § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5). The district court found that Orozco–Rodriguez presented three different and conflicting stories to the Government, and thus did not meet the burden of proof by establishing that he had truthfully related to the Government all the information he had about the crime. The district court, therefore, did not err by not granting a safety valve downward departure.

3. The criminal statutes under which Orozco–Rodriguez was prosecuted (21 U.S.C. §§ 960 and 841) are constitutional after the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). This court has so held in *United States v. Hernandez*, 322 F.3d 592, 600–02 (9th Cir. 2003). Therefore, Orozco–Rodriguez's constitutional arguments fail.

■ 4. Finally, the district court did not err by refusing to instruct the jury that it had to find Orozco–Rodriguez knew the type and quantity of drug he possessed and imported. In *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002), this Court held that "*Apprendi* did not change the long established rule that the government need not prove that the defendant knew the type and amount of a controlled substance that he imported or possessed; the government need only show that the defendant knew that he imported or possessed some controlled substance." This holding was reaffirmed after *Harris*. *Hernandez*, 322 F.3d at 602.

AFFIRMED.