UNITED STATES of America, Plaintiff—Appellee,

v.

Matthew WILEY, Defendant— Appellant.

No. 03–10202.

D.C. No. CR–02–00152–JCM/PAL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided Feb. 17, 2004.

Thomas S. Dougherty, USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff-Appellee.

Jason F. Carr, FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM *

Matthew Wiley appeals the district court's denial of his motion to suppress evidence (a gun) resulting from the search of his car and statements he made relating to the gun. Wiley argues that the police who interrogated him lacked reasonable suspicion to extend their questioning after they learned that Wiley was not intoxicated. We do not reach the argument because Wiley did not raise it in his motion to suppress. He thereby waived the argument and placed it beyond this court's ability to review for plain error. *See* FED. R.CRIM. P. 12(b)(3) (2002) (now Rule 12(b)(3)(C)), 12(f) (2002) (now Rule 12(e)); *see, e.g., United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir.2002); *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir.2001); *United States v. Wright*, 215 F.3d 1020, 1026–27 (9th Cir.2000); *United States v. Restrepo–Rua*, 815 F.2d 1327, 1329 (9th Cir.1987). Here, waiver is especially appropriate because whether the police had reasonable suspicion to extend the questioning depends on factual questions the district court might have explored had Wiley presented the issue. *See Hawkins*, 249 F.3d at 872. Finally, Wiley has not shown cause for his failure to raise the argument. *See Murillo*, 288 F.3d at 1135.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

