**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert Lee THOMAS, Defendant—**
**Appellant.**

**No. 03–10014.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided June 29, 2004.

---

Daniel G. Bogden, Esq., William R. Reed, Esq., Russell E. Marsh, AUSA, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: PREGERSON, BEAM,* and PAEZ, Circuit Judges.

MEMORANDUM **

Defendant Robert Lee Thomas entered a conditional plea to being a Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1) and 924(a)(2)). He appeals the district court's denial of his motion to suppress, claiming that his *Miranda* rights were violated.

■ Under the clearly erroneous standard, we give "special deference" to the district court's credibility determinations when ruling on a motion to suppress. *United States v. Nelson,* 137 F.3d 1094, 1110 (9th Cir.1998). Following an evidentiary hearing on Thomas' Motion to Suppress, the district court found that two of the three arresting officers credibly testified that Thomas was read his *Miranda* rights—the third officer did not remember one way or the other—and that the two defense witnesses were insufficiently credible to rebut the officers' testimony. Under the deferential standard accorded the district court's credibility determinations, we find that the district court did not err when it found that Thomas was read his *Miranda* rights.

■ Thomas also argues that, even if he was read his *Miranda* rights, he did not knowingly, voluntarily, and intelligently waive them. We decline to address this issue. Thomas' motion to suppress certified to the district court that "the only issue before [it was] whether Thomas was apprized of his constitutional right not to

---

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

incriminate himself." Likewise, Thomas' written objections to the magistrate judge's Report and Recommendation failed to challenge the voluntariness of his *Miranda* waiver. Since the issue was not raised before either the magistrate judge or district judge, we decline to address it for the first time on appeal. "Issues not presented to the district court cannot generally be raised for the first time on appeal." *United States v. Robertson*, 52 F.3d 789, 791 (9th Cir.1994) (citation omitted). *See also United States v. Restrepo–Rua*, 815 F.2d 1327, 1329 (9th Cir.1987) (per curiam) ("Just as a failure to file a timely motion to suppress evidence constitutes a waiver, *so too does a failure to raise a particular ground in support of a motion to suppress.*" (emphasis added)).[1]

Moreover, even if we were to examine the voluntariness of Thomas' *Miranda* waiver, we would find that the district court's denial of Thomas' motion to suppress was proper. The uncontradicted testimony of the arresting and interrogating officer established that Thomas' waiver was knowing, voluntary, and intelligent. Thomas was not coerced, nor was he incapacitated in such a way that would require a finding that he was not capable of making a knowing, voluntary, and intelligent waiver. *See, e.g., United States v. Garibay*, 143 F.3d 534, 536, 538 (9th Cir.1998).

**AFFIRMED.**

---

1. Thomas mistakenly argues that, if this Court finds that he failed to preserve the *Miranda* waiver issue, the issue is still reviewable for plain error. While this court reviews forfeited rights for plain error, waived rights are not reviewed. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir.1997) (en banc). The failure to raise a particular ground in support of a motion to suppress is a waivable right. *Restrepo–Rua*, 815 F.2d at 1329.

