NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-30010 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00009-BMM-1 |
| v. | |
| CHERYL LYNN LITTLE DOG, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted July 12, 2018
Portland, Oregon

Before:  WARDLAW and OWENS, Circuit Judges, and LEFKOW,** District
Judge.

Cheryl LittleDog[1] appeals from her convictions for harboring a fugitive and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

[1] Because Ms. LittleDog styles her name this way in her briefing on appeal, we adopt that formulation rather than "Little Dog" (as the name was styled in the district court).

making a false statement to federal law enforcement, which arise from the discovery of federal fugitive Frank Gallardo in the crawlspace of Ms. LittleDog's house. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's order denying Ms. LittleDog's motion to suppress evidence obtained during the two searches of her house, but we vacate the judgment and remand for an evidentiary hearing as to whether Ms. LittleDog's Sixth Amendment right to conflict-free counsel was violated by the Federal Defenders' successive representation of both her and the fugitive she was accused of harboring.[2] We also grant Ms. LittleDog's request for judicial notice.

1. On appeal, Ms. LittleDog argues that both the first and second searches of her house were unlawful. But in her motion to suppress, Ms. LittleDog conceded that the first warrantless search was consensual and moved to suppress only the evidence gathered during the second warrantless search. Accordingly, Ms. LittleDog has waived her challenge to the legality of the first search. *See United States v. Restrepo-Rua*, 815 F.2d 1327, 1329 (9th Cir. 1987) (per curiam).

The district court did not clearly err in finding that Ms. LittleDog consented to the second warrantless search of her home where the undisputed suppression

---

[2] Accordingly, we do not reach Ms. LittleDog's other claims: that insufficient evidence supports her conviction of the first count; and that both the first and second counts suffer from erroneous jury instructions.

hearing testimony was that, after the officers knocked, Ms. LittleDog opened her front door, "invited [them] in," and then told them to "go look" for Mr. Gallardo in the house. *See Pavao v. Pagay*, 307 F.3d 915, 919–21 (9th Cir. 2002); *United States v. Garcia*, 997 F.2d 1273, 1280–81 (9th Cir. 1993); *United States v. Shaibu*, 920 F.2d 1423, 1427 (9th Cir. 1990). Nor did the district court clearly err in finding, under the totality of the circumstances, that Ms. LittleDog's consent was voluntary, where Ms. LittleDog was not in custody and the officers did not have their guns drawn; the "second search lacked the level of intensity of the first search"; and Ms. LittleDog did not appear afraid of the officers at any point. *See United States v. Jones*, 286 F.3d 1146, 1152 (9th Cir. 2002); *United States v. Kim*, 25 F.3d 1426, 1431–32 (9th Cir. 1994).

The district court did not err in denying Ms. LittleDog's motion to suppress.

2. Ms. LittleDog also argues that her Sixth Amendment right to conflict-free counsel was violated by the Federal Defenders' prior representation of Mr. Gallardo. The Sixth Amendment's guarantee of the effective assistance of counsel is violated when an actual conflict of interest exists. *United States v. Walter-Eze*, 869 F.3d 891, 900 (9th Cir. 2017). "[A]n actual conflict 'is a conflict of interest that adversely affects counsel's performance.'" *Id*. (quoting *Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir. 2006)). To establish an "adverse effect," a defendant "must demonstrate that his attorney made a choice between possible alternative courses

3

of action that impermissibly favored an interest in competition with those of the client." *McClure v. Thompson*, 323 F.3d 1233, 1248 (9th Cir. 2003). An adverse effect exists where counsel fails to put on certain defenses and witnesses as a likely result of the conflict. *See United States v. Miskinis*, 966 F.2d 1263, 1268 (9th Cir. 1992).

When a potential conflict of interest due to simultaneous representation is brought to the court's attention, and where the defendant has established an "actual conflict" by demonstrating "adverse effects" resulting from the conflict, *Mickens v. Taylor*, 535 U.S. 162, 173–74 (2002), the court's failure to "take adequate steps to ascertain whether the risk was too remote to warrant separate counsel" requires automatic reversal. *Holloway v. Arkansas*, 435 U.S. 475, 484–85, 488–91 (1978).

In this case, Ms. LittleDog's trial counsel was a member of the Great Falls Federal Defenders' office. Another attorney from the Great Falls Federal Defenders' office represented Mr. Gallardo from October 19, 2015 until October 23, 2015.[3] Because Mr. Gallardo was the only direct witness in the case against Ms. LittleDog for harboring a federal fugitive, the Federal Defenders' duty of loyalty to Mr. Gallardo, a former client, creates a potential conflict of interest in its

---

[3] Pursuant to Fed. R. Evid. 201(f), Ms. LittleDog requests judicial notice of filings from Mr. Gallardo's criminal proceedings in the U.S. District Court for the District of Montana and the U.S. District Court for the District of South Dakota. The government does not oppose this motion, and we grant it.

representation of Ms. LittleDog. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (holding that a firm's successive representation of clients with an adverse interest to one other could violate the firm's duty of loyalty to each client and create an "actual conflict," just as a single attorney's successive representation of those clients might).

Ms. LittleDog objected to this potential conflict of interest. The district court apparently never addressed this pro se motion, and the record contains no evidence indicating that it inquired into the potential conflict.

Ms. LittleDog argues that the district court's failure to inquire into the potential conflict of interest, when it knew or reasonably should have known of that conflict, requires automatic reversal under *Holloway*, 435 U.S. at 488–91. But Ms. LittleDog must also show "adverse effects" creating an "actual conflict" to justify reversal. *See Mickens*, 535 U.S. at 173–74. Accordingly, we vacate the judgment and remand for an evidentiary hearing on the question whether any "actual conflict" existed, and if so, whether Ms. LittleDog validly waived her right to independent counsel. *See Mickens*, 535 U.S. at 170 n.3; *Wood v. Georgia*, 450 U.S. 261, 272–74 (1981).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

5